IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SALISH SKAJET KWABACABS**
**TRIBAL REPUBLIC, et al.**

        Plaintiffs,

v.

**BANK OF NEW YORK MELLON, et al.,**

        Defendants.

No. 3:19-cv-01670-MO

OPINION AND ORDER

**MOSMAN, J.,**

This court considers Plaintiffs' Amended Complaint [ECF 11] *sua sponte*. For the reasons described below, this case is DISMISSED with prejudice as against all Defendants.

## BACKGROUND

On November 5, 2018, the principal Plaintiffs here—William X. Nietzche, along with Julie A. Metcalf Kinney and William Kinney, Jr. ("the Kinneys")—filed a previous action in this court before United States District Judge Michael H. Simon. *Nietzche v. Freedom Home Mortgage Corp.*, No. 3:18-cv-01930-SI, 2019 WL 5057174 (D. Or. Oct. 8, 2019). In the action before Judge Simon, Mr. Nietzche and the Kinneys "allege[d] 35 claims for relief against 21 named defendants and numerous Doe defendants." *Id.* at *1. While their claims frequently lacked coherence, the underlying dispute centered around a nonjudicial foreclosure sale of the Kinneys' property. *See id.* On October 8, 2019, Judge Simon dismissed with prejudice all of the claims against all of the defendants. *Id.* at *2.

On October 16, 2019, Mr. Nietzche and the Kinneys filed the present action now before me. Compl. [ECF 2]. Styled a "Quit Tam Class Action," the Amended Complaint ("complaint")

1 – OPINION AND ORDER

also names as Plaintiffs: Salish Skajet Kwabacabs Tribal Republic ("SSKTR"); Lucille Wills (terminated January 9, 2020); the "United State Federal Government"; Federal Housing Finance Agency; and Freddie Mae and Freddie Mac. Am. Compl. [11]. All of the Plaintiffs, including the institutional entities, are unrepresented by counsel. The complaint names 25 Defendants. The Defendants include: (1) Various purported corporate forms of HSBC Bank; (2) various individuals purported to work for, or to be associated with, the various HSBC entities; (3) Urban Housing Development, LLC ("UHD"); (4) Various individuals—mostly attorneys—purportedly associated with UHD; (5) Judge Simon; (6) multiple state court judges of the Multnomah County Circuit Court. *Id.* at 8-10. Several of the named Defendants in the present action were also named in the previous action before Judge Simon. *Compare* Am. Compl. [11] *with* First Am. Compl. at 1-2, *Nietzche v. Freedom Home Mortgage Corp.*, No. 3:18-cv-01930-SI (D. Or. Apr. 2, 2019), [ECF 64].

## DISCUSSION

Plaintiffs' 81-page complaint is largely incoherent, and rests on conclusory statements and bare allegations that do not state plausible or legally cognizable claims. Beyond these general issues, I dismiss this action for the following reasons.

Although framed on a broader scale, the majority of Plaintiffs' claims (mostly against the various HSBC Bank entities and the individually named Defendants purportedly associated with HSBC) appear to allege harm flowing from the foreclosure of the Kinneys' property. *See* Am. Compl. [11] at 54-70. This is the same basic harm, alleged in an equally incoherent way, that was the subject of the previous action in this court that was dismissed with prejudice. Just as before, these vague allegations go nowhere.

Even less coherent are the claims involving UHD and various lawyers purportedly related to UHD. *See id.* at 46-49, 71-74. This cohort includes Judge Simon and multiple state court judges on the Multnomah County Circuit Court. *Id.* This group of Defendants allegedly "used the federal and state of Oregon judiciary to perpetrate a fraud on the American people." *Id.* at 46. Some of these claims appear to be identical to claims dismissed with prejudice in the previous action, especially the claims directed at Defendants Ozeruga, Passanante, and Slominski. *Compare Id.* at 46-47 *with Nietzche*, 2019 WL 5057174 at *15-16.

The claims against Judge Simon appear to be premised on his purported mishandling of Plaintiffs' previous federal case. *See* Am. Compl. [11] at 46-47. Beyond failing to state a plausible claim for relief, Plaintiffs' claims against Judge Simon for his judicial decisions are barred by the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Plaintiffs claims against various state court judges, including Judge Stephen Bushong, Judge Lawrence Weisberg, and Judge Stephen Todd, also fail. Plaintiffs appear to claim that these Defendants committed "gross fraud upon the court" by failing to dismiss various state court actions after being notified by Plaintiffs that they had filed purportedly related actions in federal court. Am. Compl. [11] at 47-48. These allegations do not state a legally cognizable claim. Further, they appear to be similar in nature to Plaintiffs' recent efforts to have this court estop state proceedings in Multnomah County Circuit Court in which Plaintiffs are involved. I have already denied such requests. Order [ECF 15].

//
//
//
//

## CONCLUSION

In sum, Plaintiffs' complaint fails to state any legally cognizable claims and appears to be an effort to re-litigate grievances that received over a year of attention from this court and were ultimately dismissed with prejudice. As a result, this case is DISMISSED with prejudice as against all Defendants. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 5th day of February, 2020.

MICHAEL W. MOSMAN
United States District Judge